IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr48-MHT |
| MICHAEL SMITH, MATTHEW | ) | (WO) |
| DAVIDSON, and JOSEPH | ) | |
| SANDERS | ) | |

## OPINION AND ORDER

This cause is before the court on defendant Michael Smith's written motion for a trial continuance and defendant Matthew Davidson's oral motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, currently set for November 5, 2012 should be continued pursuant to 18 U.S.C. § 3161(h)(7) for all three defendants: that is, for Smith and Davidson as well as for defendant Joseph Sanders.

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court

1

is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  In pertinent part, the Act provides:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public as well as that of Smith, Davidson, and Sanders in a speedy trial. First, the government was given additional time to produce discovery, which reduced the time the defendants were to have to analyze such discovery in their preparations for trial. Second, the volume of that discovery is substantial; initially, it included nearly 15,000 pages of documents, hundreds of witness statements, and over 300 video and audio recordings. Then, three times in the month of June, the government provided additional substantial discovery: over 5,500 more pages of documents, 30 audio files, 12 videos, and over 500 photographs. And still this is not all of the evidence; the defendants are still awaiting physical evidence and

3

authorization to view the scene of the alleged crime (a state-run prison facility).

The interests of justice and the constitutionally required time for preparation of an adequate defense require that defense counsel have time to examine and investigate the evidence already presented and the evidence that has yet to be produced. In addition, the government's conduct, by requesting and receiving late discovery deadlines, has limited the amount of time the defendants would have otherwise had to review this evidence. Last, neither the government nor Sanders opposes the motions for a continuance.

Moreover, as to Sanders, the Speedy Trial Act excludes from the 70-day period "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). For the above reasons, the court finds

that the additional period of delay here is "reasonable" as to Sanders.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Michael Smith's written motion for continuance (Doc. No. 55) and defendant Matthew Davidson's oral continuance motion, made during an on-the-record conference on July 5, 2012, are granted.

(2) The jury selection and trial, now set for November 5, 2012, are reset for defendants Smith, Davidson, and Joseph Sanders, for February, 11, 2013, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 6th day of July, 2012.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE