IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
   v.                       )   CRIMINAL ACTION NO.
                            )       2:12cr48-MHT
MICHAEL SMITH,              )          (WO)
MATTHEW DAVIDSON, and       )
JOSEPH SANDERS              )
```

OPINION AND ORDER

This cause is before the court on defendant Michael Smith's unopposed motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, currently set for February 11, 2013, should be continued as to Smith and co-defendants Matthew Davidson and Joseph Sanders pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The Act also excludes from the 70-day period "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and that of Smith, Davidson, and Sanders in a speedy trial.

Smith's counsel asks for a continuance so she will have adequate time to review the large amount of discovery in this complex case. The court agrees that the discovery produced thus far must be described as voluminous. Smith's counsel is presented with 22,250 pages of discovery, mostly consisting of witness statements, plus an additional 130 prisoner statements on audio files.

The court also understands that defense counsel has only recently identified those prisoners present at the

start of the incident charged.  Counsel represents that she plans to interview 235 such prisoners and that she is incapable of doing so before a February 2013 trial date.

Smith thus asks this court to continue trial until September 2013.  At a status conference held December 17, 2012, neither Davidson nor Sanders objected to Smith's request.  In any event, as stated, the Speedy Trial Act also excludes from the 70-day period "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  § 3161(h)(6). There has been no severance in this case.

Also, the government stated that it did not object to continuance, but submitted that a trial date sometime in May or June of 2013 would give the defendants sufficient time to prepare their case.  The court agrees with the government's assessment.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Michael Smith's motion for continuance (doc. no. 157) is granted.

(2) The jury selection and trial, now set for February 11, 2013, are continued as to defendants Smith, Matthew Davidson, and Joseph Sanders to June 10, 2013, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 27th day of December, 2012.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**