IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr48-MHT |
| | ) | (WO) |
| MICHAEL SMITH | ) | |

OPINION AND ORDER

Based upon consideration of the recommendation and supplemental recommendation of the United States Magistrate Judge (doc. nos. 187 & 281) and the objections filed by defendant Michael Smith (doc. nos. 199 & 286) and by the government (doc. no. 197); and after an independent and de novo review of the record, including the transcript of the hearing before the magistrate judge, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That defendant Michael Smith's objections (doc. nos. 199 & 286) are overruled;

(2) That the government's objection (doc. no. 197) is overruled;

(3) That the recommendation and supplemental recommendation of the United States Magistrate Judge (doc. nos. 187 & 281) are adopted;

(4) That defendant Smith's motion for a hearing pursuant to United States v. Kastigar (doc. no. 110) is denied; and

(5) That defendant Smith's motion to suppress (doc. no. 113) is denied.

***

Assuming that defendant Michael Smith's waiver of his rights under Garrity v. New Jersey, 385 U.S. 493 (1967), is restricted to his prior statements to the Alabama Department of Corrections Investigation and Intelligence Division and the derivatives of such statements, the court agrees with the magistrate judge's conclusion that Smith's other statements--in his incident and duty officer reports, to the Alabama Bureau of Investigation, and at his pre-termination hearing--were not compelled on

threat of job loss and therefore are not due to be suppressed under Garrity.

Both Smith and the government have objected to certain characterizations of evidence and statements of law that appear in one of the recommendations (doc. no. 187). The court agrees with Smith that, for example, there was no direct testimony as to the existence of a Garrity-statement filter within the government attorney's office at the evidentiary hearing. The court also tends to agree with both sides that, were the court to admit Garrity-protected statements against Smith for the obstruction-of-justice and false-statements counts, those counts would need to be severed from a trial on the substantive civil rights violations. But, because resolution of these objections would have no effect on the outcome of the issues at hand, the court overrules the objections.

DONE, this the 6th day of June, 2013.

                                  /s/ Myron H. Thompson  
                                  UNITED STATES DISTRICT JUDGE