IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr48-MHT |
| | ) | (WO) |
| MICHAEL SMITH | ) | |

ORDER

It is ORDERED that the reconsideration of the government's oral <u>Batson</u> challenge to the jury to the jury selection process is denied. The jury trial will proceed today.

***

To be sure, the law is clear that the striking of even just one juror because of his or her race is impermissible. However, as the court said at the hearing on yesterday, that is, Sunday, the court has carefully considered the government's <u>Batson</u> challenge and, in particular, the reconsideration of that challenge, and the court has decided to reject the challenge. The most

telling evidence is defense counsel Freeman's notes, which were provided to the court on Sunday. Prior to receiving those notes, the court was deeply concerned about juror A because juror A, who is black, was struck while juror B, who is white, was not struck, even though, as to the reasons given to the court on Thursday of last week for striking juror A, the two jurors were essentially similarly situated. (The court refers to the jurors by letters so as to preserve their anonymity. Counsel should be able to deduce which jurors the court is referring to. In any event, the court will file under seal an order that is clear as to the specific jurors at issue.) However, now that the court has been made aware of the lack of communication (and, indeed, mis-communication) among defense counsel and has been provided with defense counsel Freeman's notes, the court is convinced that defense counsel struck juror A for nonracial reasons. Specifically, Ms. Freeman's notes

showed concern that juror A had two daughters close in age to the victim in this case.

As to juror C, during the proceedings on Thursday of last week, defense counsel would put forward a reason for striking her, that reason would prove to be completely contradicted by the record, defense counsel would then put forward another reason, that reason would then prove to be contradicted by the record, and so forth. Again, on Sunday, defense counsel Freeman's notes clearly set forth reasons which were nonracial for striking juror C. Defense counsel Freeman's notes supported her statement that the defense struck juror C because she was very close in age to the victim. Moreover, the contradiction between the record and the reasons given for striking juror C was so obvious, that the court is now convinced that an unintentional mistake was made due to lack of communication among defense counsel.

Nevertheless, as the court indicated on Sunday, the law mandates that, just as the government is required to

articulate credible reasons for striking jurors in the face of a <u>Batson</u> challenge supported by a prima-facie case, the defense is required to do the same in the face of such a challenge.  And just as the government counsel must be ready with their reasons, defense counsel must be ready with their reasons.  What is good for the goose is good for the gander.  Despite the fact that the Freeman notes provided on Sunday have saved the day for defense counsel, that standard was not met by defense counsel at the time of the <u>Batson</u> challenge hearing on Thursday of last week.

An opinion setting forth in more detail the court's reasoning will follow.

DONE, this the 17th day of June, 2013.

                                     /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**